IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SUPPRESSED**
**FILED**

| | |
|---|---|
| UNITED STATES OF AMERICA,                )  | JAN 2 2 2015 |
| )  | CLERK, U.S. DISTRICT COURT |
| Plaintiff,                )  | SOUTHERN DISTRICT OF ILLINOIS |
| )  | EAST ST. LOUIS OFFICE |
| vs.                )  | |
| )  | Criminal No. 15-30005-NJR |
| EDRIC A. RUSSELL,                )  | |
| LAKESHA R. WILSON,                )  | Title 18, United States Code, Section 286, |
| MELISSA L. WILEY,                )  | and Title 26, United States Code, Section |
| TANESA L. BEVERLY, and                )  | 7206(2) |
| PIERRE J. CARTER                )  | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

**Introduction**

1.    Tax King, LLC, ("Tax King") was a Missouri limited liability company which provided tax preparation services.

2.    Tax King had several facilities located in St. Louis, Missouri, and the surrounding communities.

3.    During 2012 and 2013, Tax King had a facility located at 212 Collinsville Avenue, East St. Louis, Illinois.

4.    Defendants **EDRIC A. RUSSELL** and **LAKESHA R. WILSON** worked at the East St. Louis Tax King facility in 2012 and prepared federal income tax returns for the 2011 tax year.

5.    Defendants **MELISSA L. WILEY**, **TANESA BEVERLY**, and **PIERRE J. CARTER** worked at the East St. Louis Tax King facility in 2013 and prepared federal income tax returns for the 2012 tax year.

6.    Tax King attracted customers by submitting fraudulent federal tax returns claiming higher refund amounts than the customers could have claimed by having their tax returns prepared at legitimate tax preparation businesses.

7.    The defendants received training on the preparation of federal tax returns at Tax King's office on Olive Street in St. Louis.  During these training sessions, Tax King managers instructed the defendants on how to increase their customers' refunds by falsifying certain information on the tax returns.

8.    Defendants **RUSSELL**, **WILSON**, **WILEY**, **BEVERLY**, and **CARTER** fabricated and placed false business income on line 12 and Schedule C of the federal tax returns that they prepared for customers of Tax King.  The false business income increased the amount of the Earned Income Credit ("EIC") claimed by the customers, and thereby increased the amounts of the tax refunds claimed on the returns.

9.    Defendants **RUSSELL**, **WILSON**, **WILEY**, **BEVERLY**, and **CARTER** fabricated, and caused to be fabricated, false documents which purported to support the false business income of the Tax King customers.  These false documents included tables which contained false revenue and expense figures for the customers' businesses.

10.   Defendant **RUSSELL** fabricated and placed false wage income on line 7 of federal tax returns that he prepared for customers of Tax King. The false wage income increased the amounts of the EIC claimed by the customers, and thereby increased the amount of the refunds claimed.

2

11.     Defendants **RUSSELL** and **WILSON** fabricated and placed false information about education expenses on Forms 8863 of the federal tax returns they prepared for customers of Tax King. The false education expense information was used to support fraudulent American opportunity credits on line 66 of the returns, which increased the amounts of the refunds claimed.

12.     Defendant **RUSSELL** fabricated and placed false information about non-taxable uses of fuels on Forms 4136 of federal tax returns he prepared for customers of Tax King. The false fuel usage information was used to support fraudulent credits for federal taxes on fuels on line 70 of the returns, which increased the amounts of the refunds claimed.

13.     Tax King charged its customers tax preparation fees which ranged from approximately $400 to approximately $650.

14.     In order to ensure payment of its tax preparation fees, the managers of Tax King caused the customers refunds to be sent to Tax King. The managers of Tax King then caused checks payable to the customers to be generated. Tax King's fees were deducted from these checks.

15.     When the tax refunds were received, defendants **RUSSELL, WILSON, WILEY, BEVERLY,** and **CARTER** contacted their customers and instructed them to come in to the East St. Louis Tax King to pick up their tax refund checks.

16.     When the customers came in to pick up their checks, defendants **RUSSELL, WILSON, WILEY, BEVERLY,** and **CARTER** instructed the customers to cash their checks at a nearby currency exchange.

17.     Defendants **RUSSELL, WILSON, WILEY, BEVERLY,** and **CARTER** frequently requested that the customers pay them a "tip" for their tax preparation services. The amounts of the tips requested ranged from approximately $100 to $1,000. These tips were

3

collected from the cash that the customers received when they cashed their checks at the currency exchange.

## COUNT 1
### Conspiracy to Defraud the Government through False Claims – 18 U.S.C. § 286

1.      Paragraphs 1 through 17 of this indictment are realleged and incorporated herein as if fully set forth.

2.      Beginning on at least January 7, 2012, and continuing until at least March 13, 2013, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendants,

**EDRIC A. RUSSSELL,
LAKESHA R. WILSON,
MELISSA L. WILEY,
TANESA L. BEVERLY, and
PIERRE J. CARTER,**

and others both known and unknown to the Grand Jury, knowingly and willfully conspired to defraud the United States Treasury by obtaining, and aiding to obtain, the payment of materially false, fictitious, and fraudulent claims, namely tax refund claims contained on federal income tax returns.

In violation of Title 18, United States Code, Section 286.

4

## COUNT 2
### Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)

On or about January 14, 2012, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### EDRIC A. RUSSELL,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer A for the calendar year 2011, that was false as to material matters, namely that Taxpayer A earned $11,923 in business income, as stated on line 12, that Taxpayer A was eligible for a $2,000 American opportunity credit, as stated on line 66, and that Taxpayer A was entitled to a federal income tax refund of $6,178, as stated on lines 73 and 74a.  As defendant **RUSSELL** well knew, Taxpayer A had not earned $11,923 in business income, was not eligible for a $2,000 American opportunity credit, and was not entitled to a federal income tax refund of $6,178.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT 3
### Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)

On or about January 19, 2012, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### LAKESHA R. WILSON,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer B for the calendar year 2011, that was false as to material matters, namely that

Taxpayer B earned $16,650 in business income, as stated on line 12, that Taxpayer B was eligible for a $4,000 American opportunity credit, as stated on line 66, and that Taxpayer B was entitled to a federal income tax refund of $9,577, as stated on lines 73 and 74a. As defendant **WILSON** well knew, Taxpayer B had not earned $16,650 in business income, was not eligible for a $4,000 American opportunity credit, and was not entitled to a federal income tax refund of $9,577.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT 4
### Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)

On or about January 18, 2012, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### EDRIC A. RUSSELL,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer C for the calendar year 2011, that was false as to material matters, namely that Taxpayer C earned $13,993 in business income, as stated on line 12, that Taxpayer C was eligible for a $2,000 American opportunity credit, as stated on line 66, and that Taxpayer C was entitled to a federal income tax refund of $6,894, as stated on lines 73 and 74a. As defendant **RUSSELL** well knew, Taxpayer C had not earned $13,993 in business income, was not eligible for a $2,000 American opportunity credit, and was not entitled to a federal income tax refund of $6,894.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT 5
**Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)**

On or about January 23, 2012, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### EDRIC A. RUSSELL,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer D for the calendar year 2011, that was false as to material matters, namely that Taxpayer D earned $10,736 in business income, as stated on line 12, that Taxpayer D was eligible for a $1,000 American opportunity credit, as stated on line 66, and that Taxpayer D was entitled to a federal income tax refund of $3,775, as stated on lines 73 and 74a.  As defendant **RUSSELL** well knew, Taxpayer D had not earned $10,736 in business income, was not eligible for a $1,000 American opportunity credit, and was not entitled to a federal income tax refund of $3,775.

In violation of Title 26, United States Code, Section 7206(2).


## COUNT 6
**Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)**

On or about January 25, 2012, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### LAKESHA R. WILSON,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer E for the calendar year 2011, that was false as to material matters, namely that

7

Taxpayer E earned $14,180 in business income, as stated on line 12, that Taxpayer E was eligible for a $3,000 American opportunity credit, as stated on line 66, and that Taxpayer E was entitled to a federal income tax refund of $8,397, as stated on lines 73 and 74a.  As defendant **WILSON** well knew, Taxpayer E had not earned $14,180 in business income, was not eligible for a $3,000 American opportunity credit, and was not entitled to a federal income tax refund of $8,397.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT 7
### Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)

On or about February 7, 2012, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### EDRIC A. RUSSELL,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer F for the calendar year 2011, that was false as to material matters, namely that Taxpayer F earned $9,889 in business income, as stated on line 12, and that Taxpayer F was entitled to a federal income tax refund of $3,808, as stated on lines 73 and 74a.  As defendant **RUSSELL** well knew, Taxpayer F had not earned $9,889 in business income, and was not entitled to a federal income tax refund of $3,808.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT 8
**Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)**

On or about February 20, 2012, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### LAKESHA R. WILSON,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer G for the calendar year 2011, that was false as to material matters, namely that Taxpayer G earned $10,940 in business income, as stated on line 12, that Taxpayer G was eligible for a $2,000 American opportunity credit, as stated on line 66, and that Taxpayer G was entitled to a federal income tax refund of $3,750, as stated on lines 73 and 74a. As defendant **WILSON** well knew, Taxpayer G had not earned $10,940 in business income, was not eligible for a $2,000 American opportunity credit, and was not entitled to a federal income tax refund of $3,750.

In violation of Title 26, United States Code, Section 7206(2).


## COUNT 9
**Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)**

On or about March 8, 2012, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### LAKESHA R. WILSON,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040A, of Taxpayer H for the calendar year 2011, that was false as to material matters, namely

9

that Taxpayer H earned $6,785 in wages, salaries, and tips, as stated on line 7, that Taxpayer H was eligible for a $1,000 American opportunity credit, as stated on line 40, and that Taxpayer H was entitled to a federal income tax refund of $1,464, as stated on lines 42 and 43a. As defendant **WILSON** well knew, Taxpayer H had not earned $6,785 in wages, salaries, and tips, was not eligible for a $1,000 American opportunity credit, and was not entitled to a federal income tax refund of $1,464.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT 10
### Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)

On or about March 27, 2012, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### EDRIC A. RUSSELL,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer I for the calendar year 2011, that was false as to material matters, namely that Taxpayer I earned $9,987 in wages, salaries, and tips, as stated on line 7, that Taxpayer I was eligible for a $1,000 American opportunity credit, as stated on line 66, that Taxpayer I was eligible for a $1,625 credit for federal tax on fuels, as stated on line 70, and that Taxpayer I was entitled to a federal income tax refund of $2,907, as stated on lines 73 and 74a. As defendant **RUSSELL** well knew, Taxpayer I had not earned $9,987 in wages, salaries, and tips, was not eligible for an American opportunity credit of $1,000, was not eligible for a $1,625 credit for federal tax on fuels, and was not entitled to a federal income tax refund of $2,907.

In violation of Title 26, United States Code, Section 7206(2).

10

## COUNT 11

**Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)**

On or about January 30, 2013, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### TANESA L. BEVERLY,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer A for the calendar year 2012, that was false as to material matters, namely that Taxpayer A earned $14,240 in business income, as stated on line 12, and that Taxpayer A was entitled to a federal income tax refund of $4,487, as stated on lines 73 and 74a.   As defendant **BEVERLY** well knew, Taxpayer A had not earned $14,240 in business income, and was not entitled to a federal income tax refund of $4,487.

In violation of Title 26, United States Code, Section 7206(2).


## COUNT 12

**Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)**

On or about January 30, 2013, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### MELISSA L. WILEY,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer D for the calendar year 2012, that was false as to material matters, namely that Taxpayer D earned $14,110 in business income, as stated on line 12, and that Taxpayer D

11

was entitled to a federal income tax refund of $4,503, as stated on lines 73 and 74a.   As defendant **WILEY** well knew, Taxpayer D had not earned $14,110 in business income, and was not entitled to a federal income tax refund of $4,503.

In violation of Title 26, United States Code, Section 7206(2).

### COUNT 13
### Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)

On or about January 30, 2013, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### TANESA L. BEVERLY,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer F for the calendar year 2012, that was false as to material matters, namely that Taxpayer F earned $14,070 in business income, as stated on line 12, and that Taxpayer F was entitled to a federal income tax refund of $4,508, as stated on lines 73 and 74a.   As defendant **BEVERLY** well knew, Taxpayer F had not earned $14,070 in business income, and was not entitled to a federal income tax refund of $4,508.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT 14
### Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)

On or about January 30, 2013, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### MELISSA L. WILEY,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer J for the calendar year 2012, that was false as to material matters, namely that Taxpayer J earned $15,305 in business income, as stated on line 12, and that Taxpayer J was entitled to a federal income tax refund of $5,695, as stated on lines 73 and 74a. As defendant **WILEY** well knew, Taxpayer J had not earned $15,305 in business income, and was not entitled to a federal income tax refund of $5,695.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT 15
### Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)

On or about January 30, 2013, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendants,

### MELISSA L. WILEY, and
### TANESA L. BEVERLY,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer K for the calendar year 2012, that was false as to material matters, namely that Taxpayer K earned $11,034 in business income, as stated on line 12, and that Taxpayer K was entitled to a federal income tax refund of $2,814, as stated on lines 73 and 74a. As

13

defendants **WILEY and BEVERLY** well knew, Taxpayer K had not earned $11,034 in business income, and was not entitled to a federal income tax refund of $2,814.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT 16
### Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)

On or about January 31, 2013, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### MELISSA L. WILEY,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer C for the calendar year 2012, that was false as to material matters, namely that Taxpayer C earned $5,550 in business income, as stated on line 12, and that Taxpayer C was entitled to a federal income tax refund of $6,554, as stated on lines 73 and 74a. As defendant **WILEY** well knew, Taxpayer C had not earned $5,550 in business income, and was not entitled to a federal income tax refund of $6,554.

In violation of Title 26, United States Code, Section 7206(2).

14

## COUNT 17
**Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)**

On or about February 1, 2013, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### PIERRE J. CARTER,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer L for the calendar year 2012, that was false as to material matters, namely that Taxpayer L earned $10,268 in business income, as stated on line 12, and that Taxpayer L was entitled to a federal income tax refund of $2,908, as stated on lines 73 and 74a.  As defendant **CARTER** well knew, Taxpayer L had not earned $10,268 in business income, and was not entitled to a federal income tax refund of $2,908.

In violation of Title 26, United States Code, Section 7206(2).


## COUNT 18
**Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)**

On or about February 4, 2013, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### MELISSA L. WILEY,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer M for the calendar year 2012, that was false as to material matters, namely Taxpayer M earned $11,034 in wages, salaries, and tips, as stated on line 7, that Taxpayer M earned $4,992 in business income, as stated on line 12, and that Taxpayer M was entitled to a

federal income tax refund of $6,860, as stated on lines 73 and 74a.  As defendant **WILEY** well knew, Taxpayer M had not earned $11,034 in wages, salaries, and tips, had not earned $4,992 in business income, and was not entitled to a federal income tax refund of $6,860.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT 19
### Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)

On or about February 4, 2013, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### PIERRE J. CARTER,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer N for the calendar year 2012, that was false as to material matters, namely that Taxpayer N earned $10,668 in business income, as stated on line 12, and that Taxpayer N was entitled to a federal income tax refund of $6,699, as stated on lines 73 and 74a.  As defendant **CARTER** well knew, Taxpayer N had not earned $10,668 in business income, and was not entitled to a federal income tax refund of $6,699.

In violation of Title 26, United States Code, Section 7206(2).

16

## COUNT 20
### Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)

On or about February 6, 2013, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### TANESA L. BEVERLY,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer O for the calendar year 2012, that was false as to material matters, namely that Taxpayer O earned $10,272 in wages, salaries, and tips, as stated on line 7, Taxpayer O earned $7,525 in business income, as stated on line 12, and that Taxpayer O was entitled to a federal income tax refund of $6,273, as stated on lines 73 and 74a.  As defendant **BEVERLY** well knew, Taxpayer O had not earned $10,272 in wages, salaries, and tips, had not earned $7,525 in business income, and was not entitled to a federal income tax refund of $6,273.

In violation of Title 26, United States Code, Section 7206(2).


## COUNT 21
### Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)

On or about February 8, 2013, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### PIERRE J. CARTER,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer P for the calendar year 2012, that was false as to material matters, namely that Taxpayer P earned $6,317 in business income, as stated on line 12, and that Taxpayer P was

17

entitled to a federal income tax refund of $2,446, as stated on lines 73 and 74a. As defendant **CARTER** well knew, Taxpayer P had not earned $6,317 in business income, and was not entitled to a federal income tax refund of $2,446.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT 22
### Aiding and Abetting in Submitting False and Fraudulent Return – 26 U.S.C. § 7206(2)

On or about February 15, 2013, in the Illinois county of St. Clair, within the Southern District of Illinois, and elsewhere, the defendant,

### TANESA L. BEVERLY,

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, of Taxpayer Q for the calendar year 2012, that was false as to material matters, namely that Taxpayer Q earned $10,191 in wages, salaries, and tips, as stated on line 7, Taxpayer Q earned $3,100 in business income, as stated on line 12, and that Taxpayer Q was entitled to a federal income tax refund of $6,240, as stated on lines 73 and 74a. As defendant **BEVERLY** well knew, Taxpayer Q had not earned $10,191 in wages, salaries, and tips, had not earned $3,100 in business income, and was not entitled to a federal income tax refund of $6,240.

In violation of Title 26, United States Code, Section 7206(2).

18

**A TRUE BILL**

█████████████████████

FOREPERSON

STEPHEN R. WIGGINTON
United States Attorney

SCOTT A. VERSEMAN
Assistant United States Attorney

Recommended bond: _____ $10,000 unsecured ___

19